IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MALICH CHIKE REED, 28371-177, | § | |
|     Petitioner, | § | |
| | § | 3:11-CV-1670-G |
| v. | § | 3:02-CR-151-G |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

On August 8, 2002, a jury convicted Petitioner of bank robbery, assault and attempted murder of an officer assisting a federal officer, and related firearms offenses. After trial, the Court acquitted Petitioner of the assault and attempted murder charges and sentenced him to 97 months in prison for the bank robbery and a consecutive term of 84 months in prison for brandishing a firearm in connection with a bank robbery. The government appealed the Court's acquittal of assault and attempted murder, and Petitioner cross-appealed. On June 21, 2004, the Fifth Circuit Court of Appeals affirmed the conviction and sentence. *United States v. Reed*, 375 F.3d 340 (5th Cir. 2004) (per curiam).

On July 11, 2011, Petitioner filed this petition pursuant to 28 U.S.C. § 2255. He argues the Supreme Court's opinion in *Abbott v. United States*, 131 S. Ct. 18 (2010), recognized a right

for the first time that renders his sentence unlawful and the right is retroactively applicable on collateral review.

On September 22, 2011, Respondent filed its answer. On October 3, 2011, Petitioner filed a reply. The Court finds the petition should be dismissed.

## II. Discussion

**1.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

Petitioner does not dispute that his petition is untimely under sections 1, 2, and 4. He instead argues his petition is timely under section 3. He states the Supreme Court's decision in *Abbott* newly recognized that where a defendant is charged with violations of 18 U.S.C. § 924(c), as well as another statute that involves conduct prohibited by § 924(c), the court cannot stack those sentences on top of each other. He claims this new right is retroactively applicable on

collateral review. Petitioner, however, has failed to cite any authority that *Abbott* created a newly recognized right applicable on collateral review. He also misreads the holding in *Abbott*.

Title 18 U.S.C. § 924(c)(1)(A) establishes minimum sentences based on either using or possessing a firearm in connection with a crime of violence or a drug trafficking crime. Possession of a firearm is punishable by at least five years in prison. 18 U.S.C. § 924(c)(1)(A)(i). If the firearm is brandished or discharged, the minimum prison term is increased to seven and ten years respectively. 18 U.S.C. § 924(c)(1)(A)(ii)-(iii). The statute states that the minimum sentences apply "[e]xcept to the extent a greater minimum sentence is otherwise provided by this subsection or by any other provision of law . . . . 18 U.S.C. § 924(c)(1)(A). Petitioner argues that this "except" clause means that because he was subject to a higher minimum sentence for the bank robbery, he cannot be sentenced to a consecutive 84 month term for brandishing a firearm. *Abbott*, however, holds that "a defendant is subject to a mandatory consecutive sentence for a 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Abbott*, 131 S. Ct. 23; see also, *United States v. Jefferson*, 432 Fed. Appx. 382, 394 (5th Cir. 2011) (same); *Haynes v. Sherrod*, 476 Fed. Appx. 27, 27-28 (5th Cir. 2012) (same).

Petitioner has failed to establish that his claims are based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. His petition is therefore barred by the one-year statute of limitations.

**2. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710,

713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this 25th day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).